Mike Rodenbaugh
California Bar No. 179059
Marie McCann
California Bar No. 292962
RODENBAUGH LAW
548 Market Street
San Francisco, CA  94104
(415) 738-8087

Attorneys for Kaia Foods, Inc.
dba Alive & Radiant Foods, Inc.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIA FOODS, INC., a California corporation, | Case No. 14-1708 |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | 1.  Trademark Infringement |
| T.J. BELLAFIORE, an individual, | 2.  Cybersquatting |
| Defendant. | 3.  Trademark Cancellation |
| | 4.  Unfair Competition |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Kaia Foods ("Plaintiff"), by its attorney, for its Complaint alleges:

Complaint - 1

**NATURE OF ACTION**

Plaintiff Kaia Foods seeks a finding that Defendant T.J. Bellafiore has infringed on Plaintiff's KALE IN A KRUNCH and KALE KRUNCH trademarks (collectively "KALE KRUNCH" trademark) and engaged in unfair competition when Defendant marketed snacks food under the KALE KRUNCH trademark.  Plaintiff also seeks relief based on Defendant's bad faith acts in registering a domain identical to Plaintiff's trademark, in violation of the Anti-cybersquatting Consumer Protection Act ("ACPA") and the Lanham Act.  Plaintiff also seeks a finding that Defendant misrepresented material facts when Defendant applied for federal trademark protection with the United States Patent and Trademark Office ("USPTO"), despite prior knowledge of Plaintiff's prior trademark and associated products, and so her trademark registration for KALE KRUNCH was procured by fraud, and must be canceled.

**JURISDICTION AND VENUE**

1.      Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a), the Lanham Act, 15 U.S.C. § 1125 and the ACPA, 15 U.S.C. § 1125(d), giving this Court original and exclusive jurisdiction in a civil action arising under the trademark laws and cybersquatting laws of the United States.  Pendent jurisdiction exists over the state law claims.

2.      This Court has personal jurisdiction over Defendant because the Defendant resides in the State of California and has sufficient contacts with this judicial District subjecting it to the general and specific personal jurisdiction of this Court pursuant to Cal. Code Civ. Pro. § 410.10.  Defendant has purposefully availed itself to this forum through general business presence, and by specifically targeting her wrongful conduct at Plaintiff with knowledge of Plaintiff's locus in this jurisdiction.

Complaint - 2

3.      Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant and because Plaintiff's claims arise from Defendant's activities in and/or targeted to this District.

**THE PARTIES**

4.      Plaintiff Kaia Foods produces, markets and sells healthy, organic snack foods. Plaintiff is located at 2921 Adeline Street, Oakland, California 94608.

5.      Upon information and belief, Defendant, T.J. Bellafiore, resides at 9414 Venice Blvd., #1, Culver City, California 90232.

**FACTUAL BACKGROUND**

Plaintiff's Business and the Kale Krunch Trademark

6.      Plaintiff and its predecessor-in-interest (Alive & Radiant Foods – collectively, Plaintiff) produce and sell healthy, organic snacks, including air-dried, organic vegetable chips.

7.      As early as April 2008, Plaintiff's predecessor-in-interest launched an air-dried, organic kale chip product, which it marketed under the KALE IN A KRUNCH trademark. The product was sold directly to customers via Plaintiff's website and through third-party retailers, including Whole Foods.

8.      Currently, Kale Krunch is available for purchase throughout the United States at numerous health food stores, as well as online at Plaintiff's website and other third-party websites, such as Amazon.com.  Kale Krunch is offered in six different flavors, including Cheezy Chipotle, Taragon Dijon, Southwest Ranch, Quite Cheezy, Chockalet Chip, Hibiscus & Pink Peppercorn, Superfood and Spicy Superfood.

Defendant's Actions and Infringement

9.      On November 7, 2008, Defendant placed an order for Plaintiff's "Kale in a Krunch" chips via Plaintiff's website.  The name on the order was T.J. Bellafiore, with a corresponding email address.

Complaint - 3

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

10.     On December 4, 2010, almost two years after ordering Plaintiff's Kale Krunch product, Defendant registered the domain name <kaleinyourkitchen.com>.  The Whois record for the domain, captured on December 5, 2010, lists the registrant as T.J. Bellafiore with a corresponding email address.

11.     On March 18, 2011, Defendant registered the domain <kalekrunch.com>.  The Whois record for the domain, captured on March 19, 2011, lists the registrant as T.J. Bellafiore with a corresponding email address.  The registrant's mailing address was listed as 9414 Venice Blvd, #1, Culver City, California 90232.

12.      Currently, the registrant of both domains, <kaleinyourkitchen.com> and <kalekrunch.com>, has enlisted a so-called "privacy service" to mask the identity and contact information of the registrant.

13.     On April 15, 2011, shortly after registering the <kalekrunch.com> domain, Defendant filed a federal trademark application with the USPTO for KALE KRUNCH in International Class 029 for "[v]egetable-based snack foods".  As part of the application, Defendant claimed that the mark was "in use" and that the date of first use in commerce was April 15, 2011.  Defendant's trademark application registered on October 22, 2013, registration no. 4422321.  The USPTO trademark record lists T.J. Bellafiore, dba Kale in Your Kitchen, as the owner of the trademark with an address at 9414 Venice Blvd., #1, Culver City, California 90232.

14.     Defendant copied Plaintiff's Kale Krunch recipe and has been marketing and selling kale-based snacks under the KALE KRUNCH trademark online via the domain <kaleinyourkitchen.com>.  Currently, the <kaleinyourkitchen.com> domain resolves to a website that prominently displays the KALE KRUNCH trademark at the top of the page. The website states:

> Thank you for your interest in our Kale Krunch kale snacks! We are excited to bring you an organic, health-conscious snack that you can take with you!

Complaint - 4

**Rodenbaugh Law**
548 Market Street
San Francisco, CA 94104
415.738.8087

Additionally, the website has a page titled "Order", which says, "We currently offer two varieties: Original and Spicy! Delivery or pick-up can be arranged in the LA area."

## COUNT I:  TRADEMARK INFRINGEMENT

15.    Plaintiff realleges paragraphs 1-14 of this Complaint.

16.    Plaintiff has a valid and legally protectable trademark.  Plaintiff began using the KALE KRUNCH trademark (or the legally equivalent variation KALE IN A KRUNCH) in commerce as early as April 2008.  Plaintiff has used the mark(s) in continuous use in commerce since that date.

17.    Plaintiff owns the KALE KRUNCH trademark.  Plaintiff's use of the trademark predates that of Defendant by some three years, as Defendant only started using the mark on April 15, 2011.

18.    Defendant's use of the KALE KRUNCH mark to identify her goods causes a likelihood of confusion because the mark is identical to the Plaintiff's trademark. Additionally, the goods marketed and sold by Defendant under such trademark are essentially identical to Plaintiff's goods.  These actions are likely to lead consumers to mistakenly believe that Defendant's products are connected with, sponsored by, or in some way approved by Plaintiff.

19.    Moreover, Defendant demonstrated a bad faith intent to profit from Plaintiff's trademark as evidenced by the fact that she was aware of Plaintiff's trademark when she ordered Kale in a Krunch from Plaintiff on November 7, 2008 – some three years before Defendant began using the Kale Krunch mark in commerce.

## COUNT II:  VIOLATION OF THE ACPA

20.    Plaintiff realleges paragraphs 1-19 of this Complaint.

21.    Defendant had a bad faith intent to profit when she registered the <kalekrunch.com> domain name, which is identical to Plaintiff's trademark, thereby preventing Plaintiff from registering and using the <kalekrunch.com> domain.

Complaint - 5

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087

22.     Defendant also registered the <kaleinyourkitchen.com> domain, which directs consumers to a website that displays the KALE KRUNCH trademark prominently at the top of the page, seeking to divert consumers seeking Plaintiff's products to Defendant's own website.

23.     Defendant knew that the KALE KRUNCH trademark was distinctive at the time Defendant's registered the <kalekrunch.com> domain, as evidenced by the fact that Defendant had ordered Plaintiff's Kale in a Krunch product on November 7, 2008, years before Defendant began using the mark.

## COUNT III:  CANCELLATION OF TRADEMARK

24.     Plaintiff realleges paragraphs 1-23 of this Complaint.

25.     Defendant made a material misrepresentation to the Trademark Office in order to procure the aforementioned U.S. trademark registration, no. 4422321.  Specifically, she misrepresented that no other person had the right to use the trademark.  This statement is patently false as Plaintiff's use of the legally equivalent trademark predates that of Defendant by some three years, which was known to Defendant who had ordered that product from Plaintiff in 2008.

26.     Consequently, the registration was obtained via fraud on the Trademark Office, and must be cancelled in its entirety.

27.     Alternatively, the registration must be cancelled because Plaintiff is the prior user of the mark in U.S. commerce, and therefore has trademark priority over Defendant.

## COUNT IV:  UNFAIR COMPETITION

28.     Plaintiff realleges paragraphs 1-27 of this Complaint.

29.     Defendant's wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 *et seq.* of the California Business and Professions Code.

Complaint - 6

30.    As a result of Defendant's past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees in defending against Defendant's baseless claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff alleges that it has been damaged by Defendant's conduct as set forth herein, and prays for judgment as follows:

a.   a finding that Defendant is infringing upon Plaintiff's trademark;

b.   a finding that Defendant is cybersquatting upon Plaintiff's trademark;

c.   a finding that the <kalekrunch.com> domain name shall be transferred to Plaintiff;

d.   a finding that Defendant's trademark registration shall be canceled;

e.   a finding awarding Plaintiff monetary compensation for damages sustained by Defendants' wrongful actions as alleged in this Complaint, including statutory damages under the Anti-cybersquatting Consumer Protection Act;

f.   an award of reasonable attorneys' fees and expenses, and costs of this action; and

g.   such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request that all issues in this case be decided by a jury.

Dated: April 14, 2014                          RODENBAUGH LAW


By: _Mike Rodenbaugh_
Mike Rodenbaugh
RODENBAUGH LAW
584 Market Street
San Francisco, CA  94104
Tel/fax:  (415) 738-8087

Attorney for Plaintiff

Complaint - 7

Rodenbaugh Law
548 Market Street
San Francisco, CA 94104
415.738.8087